An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

THE KEN L. TEMPLETON FAMILY
TRUST DATED OCTOBER 8, 1993; THE
KEN II REVOCABLE FAMILY TRUST
DATED MAY 4, 1998; AND KENNETH
L. TEMPLETON,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ROB
BARE, DISTRICT JUDGE,
Respondents,
    and
AG/ICC WILLOWS LOAN OWNER,
LLC, A DELAWARE LIMITED
LIABILITY COMPANY,
Real Party in Interest.

No. 59586



FILED

FEB 05 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER GRANTING PETITION

This is an original petition for a writ of mandamus or prohibition challenging a district court order granting in part a motion for summary judgment in a breach of contract action.

In December 2005, Union Bank of California, N.A. (Union Bank) loaned Carefree Willows, LLC $32,300,000 for the purpose of making improvements to the Carefree Willows Apartments (the property). Petitioners Kenneth Templeton, the Templeton Family Trust, and the Ken II Revocable Family Trust (collectively, the guarantors) signed a loan and completion guaranty as part of the loan transaction. The guarantors waived the one-action rule in the guaranty.

In June 2010, Carefree Willows defaulted on the loan. Subsequently, MTC Financial Inc., d.b.a. Trustee Corps (the trustee), at

13-03697

the request of the beneficiary, Union Bank, recorded a notice of default. On September 17, 2010, Union Bank also filed a complaint against Carefree Willows seeking the appointment of a receiver and to enforce the assignment of rents and deposits relating to the property pursuant to its deed of trust. On October 22, 2010, Carefree Willows filed a voluntary petition under Chapter 11 in bankruptcy court. This petition resulted in an automatic stay in the foreclosure proceedings and Union Bank was barred from selling the property. Union Bank then assigned the promissory note and the beneficial interest under the deed of trust to real party in interest AG/ICC Willows Loan Owner, LLC (AG) on November 10, 2010.

AG subsequently filed a complaint for breach of contract under the guaranty agreements against the guarantors. AG eventually moved for summary judgment. The district court granted AG partial summary judgment on the issue of liability, but requested further briefing on the issue of damages. The guarantors now request a writ of mandamus or prohibition vacating the district court's order granting partial summary judgment as to liability, directing the district court to enter an order denying AG's motion for summary judgment, and prohibiting the district court from conducting further proceedings regarding damages.

The guarantors contend that Union Bank's cumulative actions triggered their anti-deficiency defenses under NRS 40.495(3), and therefore, AG could not prove damages until the completion of the trustee's sale. They also argue that if there are no damages after a trustee's sale, then there is also no liability. Because the parties are familiar with the facts and procedural history of this case, we do not recount them further except as necessary for our disposition.

<u>Writ relief is appropriate</u>

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." <u>International Game Tech. v. Dist. Ct.</u>, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (footnotes omitted); <u>see</u> NRS 34.160. Mandamus is an extraordinary remedy, and it is within this court's discretion whether a petition will be considered. <u>Cote H. v. Dist. Ct.</u>, 124 Nev. 36, 39, 175 P.3d 906, 908 (2008). It is well-settled that this court may review a petition if there is "an important issue of law [that] needs clarification." <u>International Game Tech.</u>, 124 Nev. at 197, 179 P.3d at 559.

This court reviews de novo a district court's grant of summary judgment under NRCP 56(c). <u>Wood v. Safeway, Inc.</u>, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Courts may grant summary judgment when the evidence does not create a genuine issue of material fact. <u>Id.</u> When considering a motion for summary judgment, courts must view the evidence and any reasonable inferences in the light most favorable to the nonmoving party. <u>Id.</u>

<u>The district court erred in granting AG partial summary judgment</u>

Pursuant to NRS 40.495(2), the guarantors waived the one-action rule.[1] Regardless, the guarantors contend that NRS 40.495(3)

---

[1]AG argues that the one-action rule does not apply to the right to appoint a receiver. We agree. AG did not violate the one-action rule. Nevada's one-action rule states that "there may be but one action for the recovery of any debt, or for the enforcement of any right secured by a mortgage or other lien upon real estate." NRS 40.430(1). A violation of the one-action rule forfeits the security and mandates a reconveyance of the deed of trust. <u>Component Systems v. District Court</u>, 101 Nev. 76, 82-83, 692 P.2d 1296, 1301 (1985). AG's security interest in the deed of trust

*continued on next page...*

 

allows them to assert deficiency defenses because Union Bank recorded a notice of default and filed suit seeking the appointment of a receiver and to exercise an assignment of rents and deposits. The guarantors maintain that because they were entitled to deficiency defenses, AG must complete the trustee's sale before the district court can properly determine the amount of contract damages and liability, if any.

This court reviews issues of statutory construction de novo. Hardy Companies, Inc. v. SNMARK, LLC, 126 Nev. ___, ___, 245 P.3d 1149, 1153 (2010). When interpreting a statute, we first look to its plain language and "[w]hen the language . . . is clear on its face, 'this court will not go beyond [the] statute's plain language.'" J.E. Dunn Nw. v. Corus Constr. Venture, 127 Nev. ___, ___, 249 P.3d 501, 505 (2011) (second alteration in original) (quoting Great Basin Water Network v. State Eng'r, 126 Nev. ___, ___, 234 P.3d 912, 918 (2010)).

NRS 40.495(3) states: "If the obligee maintains an action to foreclose or otherwise enforce a mortgage or lien and the indebtedness or obligations secured thereby, the guarantor . . . may assert any legal or equitable defenses provided pursuant to the provisions of NRS 40.451 to 40.4639, inclusive."[2] In Walters v. District Court, we held that once a

---

...*continued*
is maintained during the pendency of the foreclosure proceedings and this litigation.

[2]The Nevada Legislature amended NRS 40.495 in 2011, but these amendments do not apply to this case or our analysis because they went into effect in June 2011 and AG commenced this action in March 2011. See 2011 Nev. Stat., ch. 311, § 5.5, at 1743-45. NRS 0.037 also states that "[e]xcept as used in chapter 106 of NRS and unless the context otherwise requires, 'mortgage' includes a deed of trust." Therefore, we interpret NRS 40.495(3)'s use of the term "mortgage" to include a deed of trust.

 

trustee's sale took place, NRS 40.455 afforded a guarantor anti-deficiency protections. 127 Nev. __, __, 263 P.3d 231, 232-34 (2011). The <u>Walters</u> guarantor had waived the one-action rule, but we did not reach the waiver issue because we concluded that the lender properly complied with NRS 40.455(1) by making an application to the district court for a deficiency judgment within six months of the trustee's sale. <u>Id.</u> at __, n.4, 263 P.3d at 233 n.4.

Therefore, we conclude that NRS 40.455 affords the guarantors its anti-deficiency protections when the beneficiary of the deed of trust files a complaint to appoint a receiver and enforce its assignment of rents and deposits. <u>See</u> NRS 40.495(3). These actions triggered NRS 40.495(3) and obligated AG as an assignee to comply with Nevada's anti-deficiency statutes. <u>See</u> <u>Lorenz v. Beltio, Ltd.</u>, 114 Nev. 795, 805, 963 P.2d 488, 495 (1998) (following an assignment, the assignee acquires "the same right, title, and interest" as the assignor). Therefore, we conclude that AG cannot proceed with its civil litigation until the completion of a trustee's sale. The district court can then determine the amount of the damages which are recoverable from the guarantors, and if there are any, can then assign liability. <u>See</u> NRS 40.455(1) (the district court shall "award a deficiency judgment . . . if it appears . . . that there is a deficiency of the proceeds of the [foreclosure or trustee's] sale and a balance remaining due to the . . . beneficiary of the deed of trust"); NRS 40.459. The completion of the trustee's sale avoids any potential for double recovery. <u>See</u> <u>Walters</u>, 127 Nev. at __, 263 P.3d at 235 (recognizing the "potential [for] double recovery when a guarantor waives the one-action rule pursuant to NRS 40.495(2)").

Based upon the facts of this case, there can be no deficiency determination before the trustee's sale. Genuine issues of material fact

SUPREME COURT
OF
NEVADA

(O) 1947A

5

exist regarding whether the guarantors breached their contractual agreement. The district court erred in granting AG partial summary judgment on its claim for breach of contract. See Wood, 121 Nev. at 729, 121 P.3d at, 1029; Wichinsky v. Mosa, 109 Nev. 84, 88, 847 P.2d 727, 730 (1993) (discussing that a claim must fail absent proof of each element).[3] Therefore, it is not necessary to address the other issues raised in these proceedings.

Accordingly, we ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order granting in part AG's motion for summary judgment and directing the district court to enter an order denying AG's motion for summary judgment consistent with this order.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Parraguirre

---

[3]At oral argument, the attorney for real party in interest, AG, conceded that in the event that a trustee's sale is held, the guarantors could argue that the amount of the successful bid is less than the fair market value. The guarantors would then be entitled to an offset based upon the fair market value of the property secured by the deed of trust as of the date of the trustee's sale.

cc: Hon. Rob Bare, District Judge
Marquis Aurbach Coffing
Fennemore Craig Jones Vargas/Las Vegas
Cooley LLP
Snell & Wilmer, LLP/Las Vegas
Eighth District Court Clerk